IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOMINIC OVELLA | § | PLAINTIFF/ |
| | § | COUNTER-DEFENDANT |
| | § | |
| v. | § | CAUSE NO. 1:10CV285 LG-RHW |
| | § | |
| B&C CONSTRUCTION AND | § | |
| EQUIPMENT, LLC, COLIE | § | DEFENDANTS/ |
| DONALDSON, COBY DONALDSON, | § | COUNTER-CLAIMANTS/ |
| BETH ANNE DONALDSON, ALLEN M. | § | THIRD-PARTY PLAINTIFFS |
| YOUNG, and YOUNG ENGINEERING | § | |
| SERVICES | § | |
| | § | |
| v. | § | |
| | § | |
| KATHLEEN OVELLA | § | THIRD-PARTY DEFENDANT/ |
| | § | COUNTER-CLAIMANT |

## MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is a motion to dismiss counter claims pursuant to 12(b)(6) filed by Kathleen Ovella, and two motions for partial summary judgment filed by Defendants B&C Construction and Equipment, LLC, Coby Donaldson, Beth Anne Donaldson, and Colie Donaldson. The issues have been fully briefed. After due consideration of the submissions and the relevant law, it is the Court's opinion that Kathleen Ovella's Motion to Dismiss should be granted in part. All remaining relief requested will be denied.

FACTS AND PROCEDURAL HISTORY

This case concerns the construction of an elevated home in Pass Christian, Mississippi. Plaintiff Dominic Ovella entered into a contract to build the home with B&C Construction and Equipment, LLC. Certain parties and claims have been

dismissed or resolved, but as the case now stands, Dominic alleges that the construction of the home is defective. He alleges that the defects are the result of negligence, and constitute breach of the construction contract and Mississippi's New Home Warranty Act. The Defendants have counterclaimed, alleging that Dominic and his wife Kathleen Ovella breached the construction contract, have been unjustly enriched, have breached the duty of good faith and fair dealing, and have committed a tortious breach of contract. Kathleen Ovella brought her own counterclaims against the Defendants for violation of the New Home Warranty Act, negligence, misrepresentation and unjust enrichment.

The motions addressed by this Order raise the following issues: 1) whether Kathleen Ovella, as a non-signatory to the construction contract, can be subject to contract-based claims; and 2) whether there is any question of material fact regarding (a) the Ovellas' mitigation of damages; and (b) Defendants' violation of the Mississippi New Home Warranty Act.

<u>The Rule 12 Motion to Dismiss</u>

Kathleen Ovella seeks dismissal of the contract-based counterclaims and the unjust enrichment claim brought against her by Defendants Colie, Beth Anne and Coby Donaldson, and B&C Construction.[1] She argues that as a non-signatory to the contract, she has no contractual duties to the Defendants, and cannot be liable for

---

[1] Kathleen also requested dismissal of an intentional infliction of emotional distress counterclaim, but the Defendants voluntarily dismissed it after her motion was filed.

breach of contract or unjust enrichment. The Court agrees, because a party "cannot be said to have breached a contract it never made or to have skirted a duty it never assumed." *Willow Bend, L.L.C. v. Downtown ABQ Partners, L.L.C.*, 612 F.3d 390, 393 (5th Cir. 2010).

The Defendants argue that Kathleen assumed the contract by being a joint owner of the property on which Defendants constructed the home, by being intimately involved in the construction process, and by ordering upgrades. According to the Defendants, Kathleen is in privity with her husband, is engaged in a joint venture with him, and a third-party beneficiary of the contract.

Mississippi law does not support this argument. The cases cited by Defendants do not involve marriage partners, but business partners seeking to profit from their relationship. In *Allied Steel Corporation v. Cooper*, 607 So. 2d 113, 117 (Miss. 1992), the court utilized the definition of a partnership: "an association of two (2) or more persons to carry on as co-owners a business for profit." The case of *Jim Murphy & Associates, Inc. v. LeBleu*, 511 So. 2d 886 (Miss. 1987), concerned joint venturers involved in a business relationship. A joint venture is defined as "a single shot partnership . . . used for a specific undertaking for profit as opposed to a general, ongoing business." *Allied Steel*, 607 So. 2d at 117. The Ovellas relationship is not a partnership or a joint venture by virtue of their marriage.

The Defendants also cite cases finding privity between co-tenants by the entirety, but these concern *res judicata*, not contract formation. *Bradley v. Armstrong*

*Rubber Co.*, 130 F.3d 168, 179 (5th Cir. 1997) ("we find it highly unlikely that Mississippi would deny the privity of tenants by the entirety, thus allowing two suits for an injury to the same property."); *Cuauhtli v. Chase Home Fin., LLC*, 308 Fed. Appx. 772, 773 (5th Cir. 2009) (although man and wife were not identical parties, their relationship was sufficient for claim preclusion purposes). Accordingly, they do not support Defendants' argument that Kathleen's co-tenancy ownership of the property with her husband results in her assumption of his contract as a matter of law.

The cases from other jurisdictions cited by the Defendants are also distinguishable from this case. For example, in *ESI, Inc. v. Coastal Corp.*, 61 F. Supp. 2d 35 (S.D.N.Y. 1999), it was alleged that other documents established that a nonsignatory to a contract was a member of a joint venture and therefore had contractual liability. *Id*. at 74. The court held that the group of documents together, not simply the unsigned document, was the contract. *Id*.

Similarly, in *Gilliana v. Paniaguas*, 708 N.E.2d 895 (Ind. App. 1999), the contract language indicated that the non-signatory was a contracting party. *Id*. at 899. The non-signatory's name appeared on the contract as an owner contracting with the builder, she prepared the detailed site plan sketch which formed the basis of the contract and participated in the meetings and contract discussions with the builder. *Id*. The non-signatory was therefore held to be a third party beneficiary of the contract with standing to enforce its terms. *Id.*

In this case, Kathleen's name appears nowhere on the contract. There are no

allegations of additional documents indicating that Kathleen was a joint venturer or intended to assume the contract in this case. Nor does she rely on the contract for her own claims, which are statutory, tort, and quasi-contract. *See* Answer, Affirmative Defenses and Counterclaim 15 (¶XXI), ECF No. 53. The Defendants' allegations of her involvement during construction, without more, cannot provide a basis on which to state a claim for breach of contract. This portion of the Motion to Dismiss will be granted.

The Defendants also claim that Kathleen has been unjustly enriched. Kathleen argues that this is a contractual claim that should fail for the reasons above. However, a valid contract is not an element of an unjust enrichment claim.

> Mississippi law provides that, in an action for unjust enrichment, the plaintiff need only allege and show that the defendant holds money which in equity and good conscience belongs to the plaintiff. The requirements of proof of unjust enrichment are neither technical nor complicated and, [plaintiff] can state a claim against Defendants on the basis that [defendants] were unjustly enriched because they received the profits [which] they should not have been permitted to [receive].

*Owens Corning v. R.J. Reynolds Tobacco Co.*, 868 So. 2d 331, 342 (Miss. 2004) (quoting *Fordice Constr. Co. v. Cent. States Dredging Co.*, 631 F. Supp. 1536, 1538 (S.D. Miss. 1986)).

The Defendants' unjust enrichment allegation states:

> The upgrades furnished to the Ovellas in accordance with their instructions constitute an unjust enrichment to the Ovellas as they were paid for and executed by B&C with the full understanding that such upgrades would be paid for over and above the agreed upon contract between the parties.

Answer, Counterclaims and Third-Party Complaint 10 (¶31), ECF No. 33. These

allegations are sufficient to state an unjust enrichment claim. The Motion will be denied as to this claim.

Mitigation of Damages

Defendants Colie, Beth Anne and Coby Donaldson, and B&C Construction move for summary judgment in regard to their defense that the Ovellas failed to mitigate their damages. The Defendants argue that during the last year and a half, the Ovellas have not attempted to repair any of the defects they allege exist in the home - from movement of the entire house to two leaking windows. The Defendants therefore assert that the issue of mitigation of damages should be decided against the Ovellas as a matter of law.

"The burden of demonstrating failure to mitigate damages initially lies with the Defendant, [ ] and it must prove the damages which the Plaintiff could have mitigated." *Swanson v. City of Bruce, Miss.*, No. 3:00cv194-D-A, 2006 WL 717489, 5 (N.D. Miss. Mar. 16, 2006). The burden is on the breaching party to show that reasonable possibilities for mitigation existed and were ignored. *Cuyahoga Metro. Housing Auth. v. United States*, 65 Fed. Cl. 534, 547 (Fed. Cl. 2005).

The Defendants have provided portions of the Ovellas' deposition testimony in which they acknowledge that they have not hired another person to repair the portions of the home they allege are defective. Defendants also provide the Ovellas' answers to certain interrogatories, where they itemize the defects in the home. The Court finds this evidence insufficient to grant summary judgment. The Ovellas were not required to prevent the alleged construction defects; they have a duty to prevent "avoidable

consequences and damages" therefrom. *Travelers Indem. Co. v. Rawson*, 222 So. 2d 131, 135 (Miss. 1969). There is no evidence that there have been avoidable consequences and damages arising from the alleged construction defects. Accordingly, the Motion for Partial Summary Judgment as to Mitigation will be denied.

The Building Code Violations

The Defendants move for summary judgment as to the Ovellas' claims regarding building code violations. The Defendants premise their request for partial summary judgment on the success of their motion to strike the report and testimony of George Hammitt, stating that "[s]hould the Court grant this Motion, the record in this matter will be devoid of any evidence of any alleged code violation." Mot. Partial Summ. J. at 3 (¶ 7), ECF No. 188. The motion to strike George Hammitt's report and testimony was denied by Order entered July 8, 2011. ECF No. 255. Accordingly, Defendants' basis for summary judgment on the issue of alleged code violations never materialized. Summary judgment is therefore inappropriate and will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [64] to Dismiss Counter Claims Pursuant to 12(b)(6) filed by Kathleen Ovella is **GRANTED** as to the contractual claims and **DENIED** as to the unjust enrichment claim.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [188] for Partial Summary Judgment on Alleged Building Code Violations filed by B&C Construction and Equipment, LLC, Coby Donaldson, Beth Anne Donaldson, and Colie Donaldson is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [189] for

Partial Summary Judgment as to Mitigation filed by B&C Construction and Equipment, LLC, Coby Donaldson, Beth Anne Donaldson, and Colie Donaldson is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 18th day of July, 2011.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE