IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOMINIC OVELLA and
KATHLEEN OVELLA                                                            PLAINTIFFS

v.                                                      CAUSE NO. 1:10CV285-LG-RHW

B&C CONSTRUCTION AND EQUIPMENT, LLC.                       DEFENDANT

### ORDER DENYING DEFENDANTS' POST-TRIAL MOTIONS

BEFORE THE COURT is the Motion [412] filed by Defendant B&C Construction and Equipment, LLC, for recovery of expert witness fees; and the Motion [415] filed by B&C and the individual Defendants for sanctions. B&C obtained a take-nothing judgment following a seven day jury trial. It now seeks payment of its expert witness costs and fees pursuant to Fed. R. Civ. P. 26(b)(4)(E). All of the Defendants seek sanctions against Dominic Ovella and the Hailey McNamara Firm pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's general sanctioning power. The Plaintiffs have responded and the Defendants have replied. After due consideration, the Court finds that the Motions should be denied.

Payment of Expert Witness Fees

A party seeking discovery from an opposing side's expert must pay the expert a reasonable fee for time spent in responding to discovery unless manifest injustice would result. Fed. R. Civ. P. 26(b)(4)(E)(i). "The purpose of the rule is to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement." *Pizzuto v. Blades*, No. 1:05-CV-516-BLW, 2011 WL 2690134, at *2 (D. Idaho July 9, 2011) (citations omitted).

It is apparent from its Motion that B&C seeks to obtain all of the costs of its experts, as it recounts the number of times the experts had to recalculate figures and reissue their expert reports.  None of that expense is allowable under Rule 26(b)(4)(E) - only the expense incurred because the experts were responding to discovery requests from the Ovellas.  Of the items for which B&C requests reimbursement, only the expert depositions are chargeable discovery request responses.  The Ovellas provide documentation of their remuneration of expert fees for deposing B&C's three experts.  (Pl. Mot. Ex. A&B, ECF No. 413-1, 2).  They note that the experts included preparation time and travel time in their invoices, and so those categories of expenses were paid as well.  B&C is entitled to no more under Rule 26(b)(4)(E)(i).  Its Motion For Recovery of Expert Witness Fees will be denied.

<u>Sanctions</u>

*Rule 11 Sanctions*:

The Defendants contend that Ovella and his counsel violated Rule 11(b)(2) and (3) by filing claims that had no good-faith basis in law or fact, and by maintaining factually baseless claims for damages not supported by their own experts.  The Ovellas argue that the Defendants are untimely with their motion, and have violated the safe harbor provisions of the Rule.

Rule 11 authorizes a court to impose sanctions on a party who files a pleading if the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law, FED. R. CIV. P. 11(b)(2); or the allegations and other factual statements lack evidentiary support or

are unlikely to do so after a reasonable opportunity for investigation. FED. R. CIV. P. 11(b)(3). The purpose of the rule is to "deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and to insure that "victims of frivolous lawsuits do not pay the expensive legal fees associated with defending such lawsuits." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 879 (5th Cir. 1988). After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. FED. R. CIV. P. 11(c)(1). These may include monetary and injunctive sanctions, *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986), and even dismissal, *see Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003). Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir.1993); Fed.R.Civ.P. 11(c)(4).

A party seeking Rule 11 sanctions must file a stand-alone motion describing specific sanctionable conduct. FED. R. CIV. P. 11(c)(2). The rule contains a safe harbor provision that requires that the motion be served under Rule 5, "but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." This requirement is strictly construed and substantial compliance is insufficient. *Cf. In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008) (addressing "substantially identical" bankruptcy Rule 9011). Informal notice and opportunity to withdraw is not an adequate substitute for

serving a copy of the motion at least twenty-one days before filing the motion with the court. *Id.* A motion for Rule 11 sanctions is appropriately denied when the movant fails to comply with this requirement. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000) (Rule 11 motion properly denied when filed after trial had concluded, and opposing counsel served same day rather than twenty-one days prior). The movant has the burden to show compliance with the safe harbor provision. *See Harris v. Auxilium Pharms., Inc.*, 664 F. Supp. 2d 711, 724 (S.D. Tex. 2009).

Here, Defendants filed their motion for sanctions on May 25, 2012 – three months after the trial had concluded. A motion for sanctions filed after the trial has concluded does not give the opposing party an opportunity to correct their complaint. *Tompkins*, 202 F.3d at 788. Furthermore, the certificate of service indicates that the motion was served on the Ovellas on the same date it was filed with the Court. Defendants clearly did not comply with the service requirement of the Rule, but they argue that the Ovellas had notice of their intention to pursue Rule 11 sanctions from their earlier withdrawal of a Rule 11 claim in their answer. This argument runs counter to the Fifth Circuit's firm rejection of informal notice as an adequate substitute for service of the motion under the Rule. The Defendants have not shown that they complied with the safe harbor provision, and their motion for sanctions under Rule 11 will be denied on that basis.

*28 U.S.C. § 1927*:

The Defendants also move for costs and attorneys fees from the Hailey

McNamara firm under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Fifth Circuit has stated that because it is penal, and "in order not to dampen the legitimate zeal of an attorney in representing his client," the statute must be strictly construed. *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1416 (5th Cir. 1994). The district court may exercise its discretion in awarding costs and fees. *Id*. at 1417.

Defendants argue that the Ovellas alleged unfounded claims against the individual members of B&C, such as fraud, breach of contract, breach of the New Home Warranty Act and negligence. Defendants also argues that the Ovellas took an unsubstantiated position during the litigation when they asserted that the National Design Specifications for Wood was a new and unproven standard. Finally, the Defendants argue that the Ovellas' claims of physical damage to the home caused by excessive movement were unfounded.

The Court finds that none of these grounds justifies sanctions against the Hailey McNamara firm. "A plaintiff need not have a fully developed factual case in order to base a suit upon a well-recognized legal claim." *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1298 (5th Cir. 1994). *Id*. at 1299. The relevant inquiry is whether the claims were at least colorable at the time of the signing of the complaint. The Court

should not go beyond its discretion "by applying the clarity of hindsight to judge the complaint." *Id*. Furthermore, only those fees and costs associated with "the persistent prosecution of a meritless claim" may be awarded. *Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 875 (5th Cir.1988) (en banc).

Early in the litigation of this case, the Court denied two motions for partial summary judgment filed by B&C and its individual members. One motion [188] requested judgment on alleged building code violations, and the other [189] requested judgment as to the Ovellas' duty to mitigate their damages. There was no motion regarding the claims B&C complains of here. It was only at the trial that the Court found the claims to lack sufficient evidence to submit to the jury. (*See* Order Dismissing Individual Defendants and Unjust Enrichment Claims, Feb. 15, 2012, ECF No. 396). As the claims were never tested prior to trial, the Court cannot find that the Ovellas "persistently prosecuted" them. *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991) (party continued to press state law claims after court ruled they were preempted by ERISA). At the time of the signing of the Complaint, the claims were at least colorable.

Furthermore, it should be noted that the Defendants themselves brought claims to trial that the Court dismissed rather than submit to the jury. (*See* Order Dismissing Individual Defendants and Unjust Enrichment Claims, Feb. 15, 2012 (ECF No. 396); Order Dismissing Counterclaims (ECF No. 397)). And as stated by the Fifth Circuit, "[w]here judgment has been entered only at the conclusion of trial,

we have noted that '[o]ne might well wonder how a case could be so frivolous as to warrant sanctions if it has sufficient merit to get to trial.'" *Browning*, 931 F.2d at 345 (citing *Nat'l Ass'n of Gov't Emp. v. Nat'l Fed'n of Fed. Emp.*, 844 F.2d 216, 223 (5th Cir. 1988)). The Defendants are not entitled to costs and fees for the claims found to be lacking a factual basis.

In regard to the Defendants' allegation that the Ovellas took an unsubstantiated position during the litigation regarding the National Design Specifications for Wood, this position was not among Dominic Ovella's claims or Kathleen Ovella's counterclaims. It is difficult to see how an expert's refusal to agree with an opposing expert on the applicable industry standard would result in multiplication of needless proceedings. The Defendants are not entitled to costs and fees for the Ovellas' position regarding the NDS for Wood.

*Inherent Sanctioning Power*:

Finally, the Defendants ask that if the Court declines to sanction the Ovellas or their law firm under statute or rule, that it sanction them pursuant to its inherent, general sanctioning power. The purpose of the inherent power is to control the litigation before the court. *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 591 (5th Cir. 2008). However, "a court's inherent power to impose attorney's fees as a sanction [is limited] to cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991). Despite some rough spots in this litigation, the Court does not find sanctionable conduct by any party. This request by the Defendants will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant's Motion [412] for Recovery of Expert Witness Fees Pursuant to Fed. R. Civ. P. 26(b)(4)(E) is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Defendants' Motion for Sanctions [415] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 9th day of August, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE